IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBI D. NUNES                                                                                    PLAINTIFF

      v.                                           CIVIL NO. 20-cv-2058

ANDREW M. SAUL, Commissioner
Social Security Administration                                                      DEFENDANT

**<u>MEMORANDUM OPINION</u>**

      Plaintiff, Robi Dale Nunes, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  <u>See</u> 42 U.S.C. § 405(g).

**I.    Procedural Background:**

      Plaintiff protectively filed her applications for DIB on May 19, 2017, and SSI on August 30, 2017, with an alleged onset date of September 16, 2016, due to the following: ganglioneuroma[1] of mediastinum[2]; pulmonary congestion; migraines; COPD; numbness of lower limbs; lower

---

[1] Ganglioneuroma is a benign neoplasm composed of mature ganglionic neurons, in varying numbers, scattered singly or in clumps with a relatively abundant and dense stroma of neurofibrils and collagenous fibers; usually found in the posterior mediastinum and retroperitoneum, sometimes in relation to the adrenal glands. <u>See</u> Ganglioneuroma, at https://medical-dictionary.thefreedictionary.com/ganglioneuroma (Last Accessed April 14, 2021).
[2] The mass of tissues and organs separating the sternum in front and the vertebral column behind, containing the heart and its large vessels, trachea, esophagus, thymus, lymph nodes, and other structures and tissues. It is divided into anterior, middle, posterior, and superior regions. <u>See</u> Mediastinum, at https://medical-dictionary.thefreedictionary.com/mediastinum (Last Accessed April 15, 2021).

1

lumbar slipped disk; lower lumbar bulging disk; kink of the spine scoliosis; joint swelling; and major depressive disorder. (Tr. 109-112, 126-127). For DIB purposes, Plaintiff maintained insured status through March 31, 2021. (Tr. 111, 126). An administrative hearing was held on December 21, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 71-108).

In a written decision dated April 8, 2019, the ALJ found Plaintiff had the following severe impairments: benign neoplasm; disorder back; affective disorder; anxiety disorder; and a trauma related disorder. (Tr. 54). However, after reviewing all the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 54-55). The ALJ found Plaintiff retained the residual functional capacity ("RFC") to do the following:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant is able to occasionally stoop and crouch. She is limited to simple, routine, and repetitive tasks and is able to respond to supervision that is simple, direct and concrete. (Tr. 56).

With the help of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform work as a charge account clerk, brokerage quotation clerk, and document preparation clerk. (Tr. 62, 105-106).

Plaintiff requested review of the unfavorable decision by the Administrative Law Judge. (Tr. 46). On March 23, 2020, the Appeals Council denied Plaintiff's request for review. (Tr. 1). Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned pursuant to the consent of the parties. (Doc. 9). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 17, 18).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The disability determination process is not an adversarial process; instead, the Commissioner's duty exists alongside the claimant's burden to prove her case. See Noerper v. Saul, 964 F.3d 738 (8th Cir. 2020).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. See Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results

from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**III.    Discussion:**

Plaintiff raises the following issue on appeal: whether the ALJ erred in his RFC determination, the same being specifically noncompliant with SSR 96-9p.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ should determine a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." Davidson v. Astrue,

578 F.3d 838, 844 (8th Cir.2009); see also Jones v. Astrue, 619 F.3d 963, 971 (8th Cir.2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of her limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). Eighth Circuit case law permits ALJ's to draw "reasonable inferences" from the record evidence. Bradley v. Astrue, 528 F.3d 1113, 1115 (8th Cir. 2008) (noting that "case law permits the ALJ's reasonable inferences" when concluding a claimant's subjective complaints were not fully credible due to inconsistencies between their subjective claims and the objective evidence of record).

Pursuant to SSR 96-9p, Plaintiff argues the medical evidence of record reveals Plaintiff has limitations which would reduce her RFC to less than sedentary. (Doc. 17., p. 4). Additionally, Plaintiff claims the ALJ failed to consider and/or erroneously interpreted the medical evidence of record when assessing her RFC in accordance with SSR 83-12 and SSR 83-14. (Doc. 17., p. 4). Moreover, Plaintiff avers the ALJ's conclusion that Plaintiff is capable of a full range of sedentary work, with the additional minimal limitations listed is not supported by substantial evidence. (Doc. 17., p. 4).

According to SSR 96-9p, the ability to perform the full range of sedentary work requires the ability to lift no more than ten pounds at a time and occasionally to lift or carry articles like docket files, ledgers, and small tools. See Titles II & XVI: Determining Capability to Do Other Work-Implications of A Residual Functional Capacity for Less Than A Full Range of Sedentary Work, SSR 96-9P (Soc.Sec.Admin. July 2, 1996). SSR 96-9p explains that finding an individual with the ability to do less than a full range of sedentary work does not necessarily equate with a

decision of disabled. See id. In describing "Erosion" of the Occupational Base, the ruling states the following:

> [T]he mere inability to perform substantially all sedentary unskilled occupations does not equate with a finding of disability. There may be a number of occupations from the approximately 200 occupations administratively noticed, and jobs that exist in significant numbers, that an individual may still be able to perform even with a sedentary occupational base that has been eroded. Id.

Plaintiff states she is not capable of standing or walking two hours out of an eight-hour workday and would require a sit stand at will option. (Doc. 17., p. 5). Plaintiff further asserts she suffers from severe mental conditions in the form of major depressive disorder, generalized anxiety disorder and post-traumatic stress disorder. (Doc. 17., p. 4).

The ALJ discussed Plaintiff's medical treatment history before and during the relevant period. (Tr. 57-61). The ALJ also considered and discussed Plaintiff's mental impairments and found that because her mental impairments did not cause at least two marked limitations or one extreme limitation, the paragraph B criteria was not satisfied. (Tr. 55-56). Additionally, the ALJ considered singly and in combination Plaintiff's mental impairments and concluded they did not meet or equal Listings 12.04, 12.06, and 12.15. (Tr. 55). The ALJ also discussed objective medical evidence and Plaintiff's subjective complaints in his decision. (Tr. 56-61).

Plaintiff cites to a two-day functional capacity assessment conducted by Jennifer Cauthen, a physical therapist. (Doc. 17, p. 4). Specifically, Plaintiff states that during the exam, Plaintiff demonstrated "only the ability to perform work in the sedentary classification as defined by the U.S. Department of Labor." (Doc. 17., p. 4). However, in his decision, the ALJ discussed Ms. Cauthen's exam and noted that, "Overall, testing revealed the claimant demonstrated the ability to perform work in the sedentary classification as defined by the U.S. Department of Labor," which is consistent with Plaintiff's RFC. (Tr. 60). The ALJ considered and discussed medical evidence

from Plaintiff's treating physicians, state agency consultative reports, and the results of the two-day functional capacity evaluation with the physical therapist. (Tr. 56-61). After reviewing the opinions of the non-examining state agency consultants, the ALJ gave them some weight, however, he stated the following:

> I have considered the opinions of Drs. Podkova and Santulli and given them some weight, but [find] the claimant retains only the ability to perform unskilled work based on the evidence submitted at the hearing level and the clinic notes provided by Valley Behavioral Health, which documented the claimant was seen for only a short time and had not required acute mental health treatment or hospitalization. (Tr. 61).

Plaintiff argues a hypothetical posed to the VE at the hearing eliminated any employment available for Plaintiff. (Doc. 17, p. 5). At the hearing, the ALJ asked the VE the following hypothetical question:

> Keep the exertional level at sedentary, in terms of lifting and carrying. Reduce the ability to stand and walk on a sustained basis, to less than two hours daily. Reduce the ability to productively sit on a sustained basis, to less than six hours daily, and a required at will sit/stand option, and a requirement for unscheduled rest periods in excess of that permitted in sedentary, unskilled work. Keep the same psychological limitations I gave you. Tell me what that results in. (Tr. 106).

The VE responded, "There'd be no jobs to meet that hypothetical, Your Honor." (Tr. 106). The ALJ further changed the components of the hypotheticals, and the VE responded that those restrictions would also eliminate all of the jobs in competitive employment. (Tr. 106-107) However, in the first hypothetical posed to the VE, the ALJ queried the following:

> In the first hypothetical, the person is limited to sedentary work, as defined by the regulations, with additional limitations, occasional stoop, crouch. The person is further limited to simple, routine, repetitive tasks. The person can respond to supervision that is simple, direct, concrete. (Tr. 105).

The VE opined Plaintiff could perform work as a charge account clerk, brokerage quotation clerk, and document preparation clerk. (Tr. 105-106). According to Jennifer Cauthen's function report, Plaintiff was able sit for thirty minutes with frequent weight shifting and did not appear

restless. (Tr. 990). However, during the examination, Plaintiff only stood continuously for nine minutes and fourteen seconds. (Tr. 991). Ms. Cauthen further opined Plaintiff could crouch, kneel/half kneel, crawl, and recumbent step occasionally. (Tr. 992-993). Forward bending-standing and static standing could be performed rarely, and stairs could be performed frequently. (Tr. 991-993). The non-examining state agency consultants opined Plaintiff could stand and/or walk for about six hours in an eight-hour workday, occasionally lift/carry twenty pounds, and frequently lift/carry ten pounds at the initial and reconsideration levels. (Tr. 119, 134, 152, 168).

While the RFC assessment must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment—and is therefore the responsibility of the ALJ, not a physician, to determine the claimant's RFC. Boyd v. Colvin, 831F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." Hensley v. Colvin, 829 F.3d 926, 932 (8th Cir. 2016). If we find that the record supports two inconsistent conclusions, we must affirm the Commissioner's choice between those two conclusions. See Twyford v. Comm'r, Soc. Sec. Admin., 929 F.3d 512, 516–17 (8th Cir. 2019). After thoroughly reviewing the record, the Court finds that substantial evidence supports the ALJ's RFC determination.

## IV.     Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 27th day of April 2021.

/s/   Erin L. Wiedemann
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE